DECISION
The defendant-appellant, Robert A. Schroeder, appeals from a decree of divorce entered by the trial court. In his four assignments of error, he asserts that the trial court (1) abused its discretion in awarding his ex-wife spousal support; (2) erred as a matter of law by failing to take into consideration the tax consequences in apportioning the marital property; (3) abused its discretion by determining that certain sale proceeds were a marital asset; and (4) abused its discretion in awarding his ex-wife her attorney fees. For the reasons that follow, we find none of these assignments of error to be persuasive and thus affirm.
In his first assignment of error, Schroeder argues that it was an abuse of discretion to award his ex-wife spousal support, since the record establishes that she is employed full-time, is self-supporting, and has the benefit of a significant cash payment from him as the result of the divorce. We disagree.
Schroeder and his ex-wife, Wanda Sue, were married for a total of twenty-eight years. At the time of the divorce, Wanda Sue was fifty-one years of age and in good health. A high-school graduate, she possessed a nursing diploma after finishing a three-year program at Bethesda Hospital School of Nursing. Additionally, she had a license to sell health insurance and a real-estate license, although she realized very little income from either. At the time of the divorce, she was still a full-time registered nurse working between 35.5 and 37 hours each week. She had an annual income of $37,345 in 1997, and expected to earn in excess of $38,900 in 1998. She was awarded spousal support of $1,200 per month for 48 months (or until she remarried or cohabited), in addition to receiving a cash payment of over $142,000, representing her division of the marital property.
During the course of their twenty-eight-year marriage, the Schroeders enjoyed a comfortable lifestyle — living in a $400,000 home, belonging to a country club, holding season tickets to the city's two major-league sports franchises, as well as to its leading theatre, dining out frequently, playing golf twice a week, and vacationing four times a year. For the final twelve years of the marriage, Schroeder was a self-employed manufacturer's representative operating under the name of Bob Schroeder 
Associates. In 1998, he earned almost $100,000 and had numerous personal expenses, including those for his automobile, insurance, home telephone, and certain meals and entertainment, paid through the company. At the time of the divorce, he was driving a Porsche and a Jeep Cherokee leased to his company.
As part of the decree of divorce, Schroeder kept the $405,000 marital residence. He had recently joined the Western Hills Country Club, which had an initiation fee of $15,000, and included among his living expenses the services of a housekeeper. Wanda Sue Schroeder and the Schroeders' son, Jeffrey, meanwhile resided in a two-bedroom apartment. Wanda Sue drove a 1992 non-luxury automobile. She maintained her membership at Deer Run Country Club, but played less golf due to her return to full-time employment.
R.C. 3105.18 provides that the trial court has the authority to allow spousal support that it considers reasonable and equitable, as to both amount and duration, upon consideration of the statutory factors. Among the statutory criteria for determining a reasonable award of spousal support are the income of the parties, the earning capacity of the parties, the duration of the marriage, and the standard of living during the marriage. R.C.3105.18(C)(a), (b), (e), and (g). A trial court has "broad discretion" to award spousal support, and our role is not to substitute our judgment for that of the trial court but to determine solely whether the trial court properly exercised its discretion. So long as the trial court's decision was not arbitrary, unreasonable, or unconscionable, the decision should be affirmed. Hadjuk v. Hadjuk (Mar. 2, 1994), Hamilton App. No. C-920610, C-920626, unreported.
Considering the Schroeders' lengthy marriage, during which both spouses were able to enjoy an affluent lifestyle, we cannot say that the trial court abused its discretion in awarding to Wanda Sue Schroeder the amount of spousal support that it did for the length of time that it did. Obviously, his ex-wife's nursing income alone will not be sufficient for her to maintain the lifestyle that she enjoyed while married to Schroeder. Schroeder's first assignment of error is, therefore, overruled.
In his second assignment of error, Schroeder argues that the trial court erred in determining the fair market value of his business by failing to take into consideration federal capital-gains tax and state sales tax should he sell the business. Wanda Sue Schroeder contends, on the other hand, that Schroeder failed to present any evidence to the trial court regarding the tax consequences of selling his business, and that Schroeder never indicated his intent to sell the business, making such tax consequences too speculative to consider.
We agree that both these reasons militate against a conclusion that the trial court abused its discretion in determining the value of Bob Schroeder Associates. As noted by the magistrate, although Schroeder's counsel subjected his ex-wife's expert to vigorous cross-examination, Schroeder did not present any evidence to suggest a value different from that determined by the expert. As the magistrate further observed, Schroeder "acknowledged that Bob Schroeder Associates possessed a fair market value for sale purposes on October 1, 1995, but had `no opinion' as to what that value was. [Schroeder] chose not to retain an expert to value the business and offered no other testimony regarding this issue."
Furthermore, given the lack of any evidence that Schroeder had any intent to sell his business, and in view of the repeated legislative efforts to repeal the federal capital-gains tax, it is entirely speculative what the tax consequences would be if Schroeder elected to sell the business at some indefinite point in the future. See Olenik v. Olenik (Sept. 18, 1998), Mahoning App. No. 94 CA 139, unreported.
Schroeder's second assignment of error is overruled.
In his third assignment of error, Schroeder argues that the trial court abused its discretion in determining that proceeds from the 1995 sale of a portion of his business was a marital asset subject to equitable division. The sale took place after the Schroeders were separated in October 1995 but prior to their divorce. According to Schroeder, he placed the money into a joint account that he used to pay his temporary support obligations and "other ongoing family expenses." In Schroeder's view, "[b]y allocating [the proceeds] as an additional marital asset subject to division, the trial court ignored the fact that [Wanda Sue Schroeder] was already receiving the benefit of this money in the form of spousal support and child support."
We are not persuaded that the magistrate abused her discretion by determining that the proceeds of the sale, which occurred during the marriage, were "marital in nature." R.C.3105.171(A)(2) provides the trial court with some discretion to determine the meaning of "during the marriage" for the purposes of characterizing property as "marital property." The statute provides that "during the marriage" means "the period of time from the date of the marriage through the date of the final hearing in an action for divorce or in an action for legal separation" unless the court determines that either date would be inequitable. Here, the Schroeders sought a divorce, not a legal separation, and the proceeds were obtained prior to the final decree of divorce.
We reject, further, Schroeder's argument, for which he cites no law, that, because he used the proceeds to fund a joint account to meet his temporary support obligations during the period of separation, his wife somehow received a double benefit. The obligation to pay temporary support was entirely independent of the proceeds, and the fact that Schroeder used the proceeds to meet the obligation did not necessarily alter their status as a marital asset.
Finding no abuse of discretion in the trial court's designation of the proceeds as a marital asset, Schroeder's third assignment of error is overruled.
Finally, in his fourth assignment of error, Schroeder argues that the trial court abused its discretion when it awarded Wanda Sue Schroeder $3,500 in attorney fees.
This court has consistently reviewed an award of attorney fees in divorce cases under an abuse-of-discretion standard. SeeHadjuk, supra; Andwan v. Andwan (June 30, 1999), Hamilton App. No. C-980711, unreported; Hansen v. Hansen (Mar. 26, 1999), Hamilton App. No. C-971042, unreported; Gill v. Gill (Oct. 10, 1997), Hamilton App. No. C-960610, unreported.
Here, there is no doubt that after the divorce Wanda Sue Schroeder had substantial liquid assets as a result of her division of the marital property, largely due to Schroeder keeping the family residence. On the other hand, there exists a substantial disparity in income and lifestyle between the two ex-spouses. There is, furthermore, no evidence that Schroeder was unable to pay the fees. As this court has noted, to demonstrate an abuse of discretion an appellant must show that "no sound reasoning process" supported the trial court's decision. Tuplerv. Tupler (Jan. 12, 1994), Hamilton App. Nos. C-920852 and C-920887, unreported. Because we cannot say the trial court's decision lacked any rational basis, Schroeder's fourth assignment of error is overruled.
Accordingly, the judgment of the trial court is affirmed.
DOAN, P.J., GORMAN and SHANNON, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.